UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLORIA COLUMBERT,

        Petitioner,               Case Number: 2:15-CV-11903
                                                  HONORABLE VICTORIA A. ROBERTS

v.

A. STEWART,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO STAY WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING CASE

This is a habeas case under 28 U.S.C. § 2254. Petitioner Gloria Columbert is a state inmate at the Huron Valley Correctional Facility in Ypsilanti, Michigan. She challenges her conviction for second-degree murder on the grounds that the trial court incorrectly scored offense variables, she received ineffective assistance of trial and appellate counsel, and insufficient evidence supported her second-degree murder conviction. Now before the Court are Petitioner's Motion to Stay Writ of Habeas Corpus, Motion to Remand to State Court for Evidentiary Hearing, and Motion for Enlargement of Time to File Traverse. The Court grants Petitioner's Motion to Stay and denies the remaining motions without prejudice.

**I.**

Petitioner pleaded guilty in Wayne County Circuit Court to second-degree murder. On December 21, 2010, she was sentenced to 17 to 40 years' imprisonment. Petitioner

filed an application for leave to appeal in the Michigan Court of Appeals, but then voluntarily dismissed the application. *People v. Columbert*, No. 307746 (Mich. Ct. App. Feb. 29, 2012).

Petitioner then filed a motion for relief from judgment in the trial court, arguing that two of her offense variables were incorrectly scored and that she received ineffective assistance of trial and appellate counsel. The trial court denied the motion. *People v. Columbert*, No. 10-0005835 (Wayne County Cir. Ct. Feb. 13, 2014). Petitioner sought leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. *People v. Columbert*, No. 321577 (Mich. Ct. App. July 2, 2014); *People v. Columbert*, 497 Mich. 1011 (Mich. Apr. 28, 2015).

Petitioner then filed the pending habeas corpus petition. She raises the same claims raised on collateral review in state court. She has also now filed a motion to stay this proceeding so she may return to state court and raise claims based upon a retroactive change in the law.

## II.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner seeks a stay because, although the claims raised in the petition are exhausted, she would like to raise additional, unexhausted claims in state court.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright

dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In the pending case, Petitioner's unexhausted claims are not plainly meritless and she is not engaged in dilatory litigation tactics. She has shown good cause for not previously exhausting her claims because they are based on a Michigan Supreme Court case that was decided after Petitioner completed her appeals in state court. *See People v. Lockridge*, No. 149073, 2015 WL 4562293 (Mich. July 29, 2015). Petitioner has an available state remedy to exhaust – a motion for relief from judgment under subchapter 6.500 of the Michigan Court Rules. Michigan Court Rule 6.502(G)(1) generally permits a defendant to file only one motion for relief from judgment. Petitioner already has filed a motion for relief from judgment. However, Michigan Court Rule 6.502(G)(2) permits a defendant to file a successive motion for relief from judgment under certain, limited circumstances, including when the defendant's claims are based upon a retroactive change in the law as they are in this case. Therefore, an avenue for exhaustion remains available to Petitioner in state court. Furthermore, dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one year statute of limitations found in 28 U.S.C. § 2244(d). The Court therefore concludes that it is not an abuse of discretion to stay this case while Petitioner pursues additional state remedies.

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.  To ensure that Petitioner does not delay in exhausting her state court remedies, the Court imposes time limits within which she must proceed.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  Petitioner must present her claims in state court within sixty days from the date of this Order.  *See id.*  Petitioner must also ask this court to lift the stay within sixty days of completing state court review.  *See id.*  "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed."  *Id.* (internal quotation omitted).

## III.

Accordingly, the Court GRANTS Petitioner's "Motion to Stay Writ of Habeas Corpus" (docket no. 7).  The habeas petition is STAYED and further proceedings in this matter are held in ABEYANCE.  If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice.  Petitioner shall file a motion to lift the stay and an amended petition in this Court within sixty days after the conclusion of the state court proceedings.

The Court further ORDERS that, to avoid administrative difficulties, the Clerk of Court shall close this case for statistical purposes only.

The Court DENIES WITHOUT PREJUDICE Petitioner's "Motion to Remand" (docket no. 2) and "Motion for Enlargement of Time" (docket no. 8).

    S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: 10/9/2015