**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GLORIA LYNN COLUMBERT,

        Petitioner,                  Case Number: 2:15-CV-11903
                                                  HONORABLE VICTORIA A. ROBERTS

v.

A. STEWART,

        Respondent.
        _____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION
FOR DISMISSAL OF PETITION AND DENYING A
CERTIFICATE OF APPEALABILITY**

This matter is before the Court on Petitioner Gloria Lynn Columbert's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is a state inmate at the Huron Valley Correctional Facility in Ypsilanti, Michigan. She challenges her conviction for second-degree murder, raising six claims for relief. Respondent, through the Attorney General's Office, filed a motion to dismiss arguing that the petition was not timely filed. The Court finds that the petition is untimely and that equitable tolling of the limitations period is unwarranted. The Court grants the motion to dismiss.

**I.    Background**

Petitioner was charged in Wayne County Circuit Court with first-degree premeditated murder in connection with the death of Omar Gill. She pleaded guilty to a reduced charge of second-degree murder, pursuant to a sentence agreement of 17 to 40

years' imprisonment.  On December 21, 2010, she was sentenced in accordance with the plea agreement to 17 to 40 years' imprisonment.  Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, but then voluntarily dismissed the application.  *People v. Columbert*, No. 307746 (Mich. Ct. App. Feb. 29, 2012).

On December 17, 2013, Petitioner filed a motion for relief from judgment in the trial court, arguing that two of her offense variables were incorrectly scored and that she received ineffective assistance of trial and appellate counsel.  The trial court denied the motion.  *People v. Columbert*, No. 10-0005835 (Wayne County Cir. Ct. Feb. 13, 2014).  Petitioner sought leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court.  Both state appellate courts denied leave to appeal.  *People v. Columbert*, No. 321577 (Mich. Ct. App. July 2, 2014); *People v. Columbert*, 497 Mich. 1011 (Mich. Apr. 28, 2015).

Petitioner filed a habeas corpus petition on May 19, 2015.  She raised the same claims raised in her state court motion for relief from judgment.  She then sought to stay the proceeding to allow her to return to state court to file a second motion for relief from judgment.  The Court granted the motion, imposed conditions under which Petitioner was required to proceed, and administratively closed the case.  *See* 10/9/2015 Order, ECF No. 9.

On September 21, 2015, Petitioner filed a second motion for relief from judgment in the trial court.  The trial court denied relief from judgment because Petitioner failed to satisfy either of the two circumstances enumerated in Mich. Ct. R. 6.502(G), under which
2

a successive motion may be filed. *See* 12/22/2015 Opinion and Order, ECF No. 17-9.

The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal because Petitioner "failed to establish that the trial court erred in denying the motion for relief from judgment." *People v. Columbert*, No. 331152 (Mich. Ct. App. May 17, 2016). On January 5, 2017, the Michigan Supreme Court denied leave to appeal because Petitioner's "motion for relief from judgment is prohibited by M.C.R. 6.502(G)." *People v. Columbert*, 500 Mich. 924 (Mich. 2017).

On February 13, 2017, Petitioner filed an amended habeas corpus petition. The Court construed the filing of an amended petition as a request to lift the stay, granted the request, reopened the case, and directed Respondent to file a responsive pleading. *See* 4/6/2017 Order, ECF No. 14. Respondent filed a motion to dismiss on the ground that the petition was not timely filed; Petitioner replied.

**II.     Discussion**

Respondent argues that the petition is barred by the one-year statute of limitations. Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, applies to all habeas petitions filed after its effective date, April 24, 1996, and imposes a one-year limitations period for habeas petitions. *See* 28 U.S.C. § 2244(d)(1). A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have

3

been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007). A properly filed application for state post-conviction relief, while tolling the limitation period, does not reset the limitation period at zero. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner's appeal to the Michigan Court of Appeals was dismissed by stipulation on February 29, 2012. Petitioner did not seek further review in the Michigan Supreme Court. Where, as here, petitioner does not seek review which she is entitled to seek under state law, the conviction becomes "final" upon the conclusion of the time for seeking that review. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Petitioner's conviction became final, and the limitations period commenced running, 56 days after the dismissal of her appeal, see Mich. Ct. R. 7.302(C)(2). Thus, the limitations period commenced on April 25, 2012. It continued to run uninterrupted until it expired on April 25, 2013. Petitioner's first motion for relief from judgment, filed on December 17, 2013, did not toll the limitations period because the limitations period expired almost eight months earlier.

The AEDPA's one-year limitations period is not a jurisdictional bar and is therefore subject to equitable tolling where a habeas petitioner "shows (1) that (s)he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Petitioner argues that she is entitled to equitable

4

tolling of the limitations period on two grounds.

First, Petitioner argues that two appellate attorneys abandoned her on direct appeal. Her first appointed appellate attorney, Ronald Ambrose, was appointed on March 3, 2011. After meeting with Petitioner and reviewing the case documents, Ambrose filed a motion to vacate the order of appointment of appellate counsel on the ground that he discerned no arguable issues on appeal. *See* Motion to Vacate the Order of Appointment of Appellate Counsel, ECF No. 17-5, Pg. ID 640-641. The trial court granted the motion and appointed substitute counsel, Lee Somerville. *Id.* at Pg. ID 644. Letters from Somerville show that Petitioner wished to challenge her sentence on appeal. Somerville explained in multiple letters that because Petitioner's sentence was part of a plea agreement, she could not challenge *only* her sentence on appeal. *See, e.g.,* 1/16/12 Letter, ECF No. 17-5, Pg. ID 675. Somerville filed a timely application for leave to appeal. On February 24, 2012, the parties filed a Stipulation Dismissing Appeal, which included a signed affidavit by Petitioner (dated February 17, 2012) stating that, after consulting with Somerville, she decided that she wished to dismiss her appeal. ECF No. 17-10, Pg. ID 818-19.

"[S]erious instances of attorney misconduct" may constitute an extraordinary circumstance to warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Patterson v. Lafler*, 455 Fed. App'x 606, 609-10 (6th Cir. 2012) (citing *Holland*). To constitute an "extraordinary circumstance," counsel's conduct, or lack thereof, must be sufficiently egregious to warrant equitable relief. *Maples v. Thomas*, 565 U.S. 266, 287-

5

90 (2012) (discussing *Holland* and ruling that attorney abandonment may constitute cause to excuse a procedural default); *Patterson*, 455 Fed. App'x at 610 (attorney incapacitation or abandonment may constitute an extraordinary circumstance).

Petitioner fails to show abandonment by appellate counsel, or that appellate counsels' actions caused her late filing. Petitioner acquiesced in a stipulated order of dismissal of her direct appeal on February 17, 2012. As of that date, she was aware that she was no longer pursuing a direct appeal in state court. Yet, she did not file her motion for relief from judgment until December 17, 2013. During that twenty-month interval, Petitioner knew both that Somerville was no longer representing her and that she had no appeal pending in the Michigan Court of Appeals. Her failure to act during that interval cannot be attributed to attorney abandonment. Therefore, her attorneys' actions do not constitute an extraordinary circumstance to warrant equitable tolling.

Second, Petitioner seeks equitable tolling on the ground of mental incompetence. A petitioner's mental incompetence can constitute an extraordinary circumstance justifying equitable tolling of the one-year limitations period. *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). In *Ata*, the Sixth Circuit Court of Appeals held that to be entitled to equitable tolling for mental incompetence the petitioner must show that she was mentally incompetent and that her incompetence caused her late filing. *Id*. at 742. The petitioner must show "a causal link between the mental condition and untimely filing." *Id.* A mental impairment "'might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with

or monitor assistance'" once obtained.  *Stiltner v. Hart*, 657 Fed. App'x 513, 521 (6th Cir. 2016), quoting *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010).

Petitioner fails to satisfy this standard.  Petitioner states that she has suffered from mental illness for over twenty years and that she suffers from low intelligence.  While the documents and medical records attached to Petitioner's reply to the motion to dismiss indicate that she has (or had) mental illness and received some special education classes, they do not indicate that she was mentally incompetent during the relevant time period.  In addition, the records indicate that Petitioner has been prescribed psychiatric medication, the records do not indicate that the medications were necessary for her to be competent, nor do they support a finding that her mental illness or any medication side effects impaired her ability to pursue legal proceedings on her own or to understand the need for assistance, to secure assistance, or to cooperate with any assistance.  Further, a forensics evaluation completed in 2010 to assess Petitioner's competence to stand trial, waive her *Miranda* rights, and criminal responsibility resulted in a finding that Petitioner was not mentally ill at the time of her offense, that Petitioner is not mentally retarded and that Petitioner was able to communicate her ideas to others and understood what was communicated to her.  The records simply do not support Petitioner's assertion that her low intelligence, her mental illness, or the effects of medication were so severe during the relevant time period that she was unable to pursue state court remedies or seek federal habeas relief in a timely manner.  Her petition is therefore untimely and will be dismissed.

## III.    Conclusion

The Court finds that Petitioner failed to file her habeas petition within the applicable one-year limitations period. Accordingly, the Court GRANTS Respondent's Motion for Dismissal of Petition for Writ of Habeas Corpus (ECF No. 16) and the petition for a writ of habeas corpus is DISMISSED.

Before Petitioner may appeal this decision, a Certificate of Appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id.* In this case, jurists of reason could not find the Court's procedural ruling that the habeas petition is untimely debatable. The Court DENIES a certificate of appealability. If Petitioner chooses to appeal the Court's decision, she may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

										S/Victoria A. Roberts
										VICTORIA A. ROBERTS
										UNITED STATES DISTRICT JUDGE

DATED: February 26, 2018